382 So.2d 48 (1979)
Don JONES, G. Patrick Iley, Jeanne Malchon, Charles E. Rainey, and Cliff Stephens, As Members of and Constituting the Board of County Commissioners of Pinellas County, Florida, Appellants,
v.
U.S. STEEL CREDIT CORPORATION, Appellee.
No. 79-81.
District Court of Appeal of Florida, Second District.
December 5, 1979.
Rehearing Denied March 12, 1980.
Andrew J. Rodnite, Asst. County Atty., Clearwater, for appellants.
Thomas F. Icard, Jr. of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for appellee.
PER CURIAM.
AFFIRMED.
BOARDMAN, Acting C.J., and OTT and RYDER, JJ., concur.

*49 ON PETITION FOR REHEARING
PER CURIAM.
Appellants' motion for rehearing is denied. However, in order to avoid any misinterpretation of our opinion, we offer the following in clarification.
We hold that, under the extraordinary facts of this case, appellee U.S. Steel Corporation stands in the shoes of the owner of the real property involved and, as the trial court found, is entitled to injunctive relief permanently enjoining the enforcement of the ordinance that downzoned the subject property. The facts which dictate this result are that appellants, the members of the Board of County Commissioners of Pinellas County, upzoned the property on July 31, 1973, at the request of the original owner of the property, who obtained the upzoning in order to complete the sale of the property to Walter Harvey Corp. (Harvey), which sale was contingent upon upzoning being obtained. On September 19, 1973, less than two months later, on the basis of the upzoning, appellee loaned Harvey $2,300,000, secured by a note and mortgage, for acquisition of the land. (The market value of the land prior to the upzoning was only $475,000.) Appellants were made aware of appellee's plans prior to completion of the transaction and reaffirmed their rezoning decision. On October 6, 1975, appellee filed a foreclosure action against Harvey. During the pendency of that action, on November 18, 1975, appellants downzoned the property. Appellee prevailed in its foreclosure action on April 6, 1976, and subsequently filed the instant complaint for injunctive relief, which the trial court granted following a bench trial.
We agree with the trial court's decision that, under the compelling facts before the court, the doctrine of equitable estoppel, as set forth in Town of Largo v. Imperial Homes Corp., 309 So.2d 571 (Fla. 2d DCA 1975),[1] although by its terms available only to property owners, in equity and good conscience should be applicable here. As the trial judge stated in ruling on the case, the fact that appellee is a lienor or a successor in title under foreclosure should make no difference as long as appellee has justifiably and in good faith relied upon appellants' official actions, as it clearly did here.
BOARDMAN, Acting C.J., and OTT and RYDER, JJ., concur.
NOTES
[1] doctrine of equitable estoppel is applicable to a local government exercising its zoning power when a property owner
(1) relying in good faith
(2) upon some act or omission of the government
(3) has made such a substantial change in position or incurred such extensive obligations and expenses that it would be highly inequitable and unjust to destroy the rights he has acquired.
Town of Largo v. Imperial Homes Corp., 309 So.2d 571, 572 (Fla. 2d DCA 1975).