ANSTEAD, Judge.
Appellant, the City of Tamarac, granted a special exception to appellees to construct a funeral home at a given location within the city. At the time the exception was granted, appellee Dennis Siegel was the contract vendee for the land in question and title to the property had not yet technically passed to him. Subsequently, the city rescinded its grant of the exception. In an action initiated by Siegel, the trial court held that the city was equitably estopped from rescinding the special exception. On appeal, the main issue raised is whether the doctrine of equitable estoppel may be invoked against a municipality on behalf of parties who do not yet actually own the property affected. We hold that the doctrine may be invoked in such cases and affirm.
Florida case law is clear that the city could be equitably estopped from rescinding the special exception if appellees had owned the property in question. Hollywood Beach Hotel Co. v. City of Hollywood, 329 So.2d 10 (Fla.1976). However, there are few Florida cases on point involving persons other than property owners.[1] In Sakolsky v. City of Coral Springs, 151 So.2d 433 (Fla.1963) the doctrine was invoked on behalf of a property owner who apparently held only options to purchase the land in question.
In a recent decision the Second District Court of Appeal approved the utilization of the doctrine by a mortgagee who had made substantial loans in reliance upon the rezoning of the property which had been pledged as security for the loans. In Jones v. U. S. Steel Credit Corporation, 382 So.2d 48 (Fla.2d DCA 1979) the opinion concluded:
We agree with the trial court’s decision that, under the compelling facts before the court, the doctrine of equitable estop-pel, as set forth in Town of Largo v. Imperial Homes Corp., 309 So.2d 571 (Fla.2d DCA 1975), although by its terms available only to property owners, in equity and good conscience should be applicable here. As the trial judge stated in ruling on the case, the fact that appellee is a lienor or a successor in title under foreclosure should make no difference as long as appellee has justifiably and in good faith relied upon appellants’ official actions, as it clearly did here, (footnote omitted)
382 So.2d at 49.
We think the same observations are pertinent here. The city was explicitly aware of the status of the appellees at all times and raised no objection to the appellees’ standing to seek a special exception. To the contrary, the appellees met all of the requirements of the city for a special exception and complied in every way with the requests of city officials. The evidence fully supports the trial court’s holding that the city should be equitably estopped from rescinding the special exception granted. We have considered the other issues raised by the city and find no merit therein.
Accordingly, the judgment of the trial court is affirmed.
HERSEY and HURLEY, JJ., concur.

. Research of other jurisdictions did not reveal a clear majority rule regarding the use of equitable estoppel in situations such as the one in the current case. Rather, the general rule seems to be that “such estoppels cannot be subjected to fixed and settled rules of universal application ... or hampered by the narrow confines of a technical formula.... Each case of estoppel must in the nature of things stand on ... the facts and circumstances of the particular case.” 28 Am.Jur.2d Estoppel & Waiver § 26 (1966).